1

2

3

4

5

6

7

The Honorable Judge James L. Robart

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

8

NORTHWEST HOME DESIGNING, INC., a
Washington corporation,

9

Plaintiff,

10

v.

11

PRH, LLC, d/b/a PACIFIC RIDGE HOMES, a
Washington limited liability company, D.R.
HORTON, INC., a Delaware corporation

12

13

Defendants.

14

No.  2:17-cv-00153-JLR

STIPULATED MOTION AND
~~PROPOSED~~ ORDER RE:  DISCOVERY
OF ELECTRONICALLY-
STORED INFORMATION



15

## I.   GENERAL PROVISIONS FOR ESI DISCOVERY

16

**A.   General Principles:**

17

1.      An attorney's zealous representation of a client is not compromised by

18

conducting discovery in a cooperative manner.  The failure of counsel or the parties to

19

litigation to cooperate in facilitating and reasonably limiting discover requests and responses

20

raises litigation costs and contributes to the risk of sanctions.

21

2.      The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) should be

22

applied in each case when formulating a discovery plan.  To further the application of the

23

24

STIPULATED MOTION AND PROPOSED          1
ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
Case No.: 2:17-CV-00153-JLR-RBL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1   proportionality standard in discovery, requests for production of ESI and related responses

2   should be reasonably targeted, clear and as specific as practicable.

3        3.        The parties agree to work collaboratively and in good faith regarding the

4   production of ESI.  The parties agree to preserve originals of documents or other information

5   that is produced through the course of litigation, including ESI.  The parties agree to work

6   together to reach agreement on limits to the scope of production of ESI, including the use of

7   date restrictions, key word terms, and file types.

8   **B.        Standard for ESI Disclosures:**

9        Within 30 days after the Rule 26(f) conference, or at a later time if agreed to by the

10  parties, each party shall disclose:

11       1.        Custodian.  The custodians most likely to have discoverable ESI in their

12  possession, custody or control.  The custodians shall be identified by name, title, connection to

13  the instant litigation, and the type of the information under his/her control.

14       2.        Non-custodial data sources.  A list of non-custodial data sources (e.g. shared

15  drives, servers, etc.), if any, likely to contain discoverable ESI.

16       3.        Third Party Data Sources.  A list of third party data sources, if any, likely to

17  contain discoverable ESI (e.g., third party email and/or mobile device providers, "cloud"

18  storage, etc.) and for each such source, indicate the extent to which a party is (or is not) able to

19  preserve information stored in the third party data source.

20       4.        Inaccessible Data.  A list of data sources, if any, likely to contain discoverable

21  ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically

22  identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P.

23  26(b)(2)(C)(i).  Note: Section C(2)(a)-(h) below sets forth data sources and ESI which are not

24

STIPULATED MOTION AND PROPOSED           2           FOSTER PEPPER PLLC
ORDER RE: DISCOVERY OF                                1111 THIRD AVENUE, SUITE 3000
ELECTRONICALLY STORED INFORMATION                     SEATTLE, WASHINGTON 98101-3299
Case No.: 2:17-CV-00153-JLR-RBL                       PHONE (206) 447-4400  FAX (206) 447-9700

1    required to be preserved by the parties.  Those data sources and ESI do not need to be included

2    on this list.

3    **C.      Standard for Preservation of ESI:**

4            A party has a common law obligation to take reasonable and proportional steps to

5    preserve discoverable information in the party's possession, custody or control.  With respect

6    to ESI, the following provisions apply:

7            1.      Absent a showing of good cause by the requesting party, the parties shall not be

8    required to modify, on a going-forward basis, the procedures used by them in the ordinary

9    course of business to back up and archive data;  provided, however, that the parties shall

10   preserve all discoverable ESI in their possession, custody and control.  All parties shall

11   supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive

12   to a particular discovery request or mandatory disclosure where that data is created after a

13   disclosure or response is made (unless excluded under (C)(2) or (D)(1)-(2) below).

14           2.      Absent a showing of good cause by the requesting party, the following

15   categories of ESI need not be preserved:

16           a.      Deleted, slack, fragmented, or other data only accessible by forensics.

17           b.      Random access memory (RAM), temporary files, or other ephemeral
                     data that are difficult to preserve without disabling the operating system.

18

19           c.      On-line access data such as temporary internet files, history, cache,
                     cookies, and the like.

20           d.      Data in metadata fields that are frequently updated automatically, such
                     as last-opened dates (see also section (E)(5)).

21

22           e.      Back-up data that are subsequently duplicative of data that are more
                     accessible elsewhere.

23           f.      Server, system or network logs.

24

g.   Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.   Electronic data (e.g., email, calendars, contact data, notes, and text messages) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

3       The parties are to confer on any other categories of ESI that may not need to be preserved, in light of the General Principles set forth above, and determine whether the parties can agree that such categories can be added to the non-preservation list in (C)(2) above.

**D.   Standard for Addressing Privilege:**

The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

1.   With respect to privileged or attorney work product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

2.   Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.   Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502. Until a non-waiver order is entered, information that contains privileged matter or attorney work product shall be immediately returned to the producing party (i) if such information appears on its face that it may have been inadvertently produced or (ii) if the producing party provides notice within 15 days of discovery of the inadvertent production.

STIPULATED MOTION AND PROPOSED            4
ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
Case No.: 2:17-CV-00153-JLR-RBL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1  **E.      Other ESI Discovery Protocols:**

2       1.      <u>On-site inspection of electronic media</u>. Such an inspection shall not be

3  permitted absent a demonstration by the requesting party of specific need and good cause or by

4  agreement of the parties.

5       2.      <u>Search methodology</u>. The court presumes that in the majority of cases, the use

6  of such terms will be reasonably necessary to located ESI likely to contain discoverable

7  information. Parties shall try to reach agreement on appropriate search terms before any query

8  is performed.

9            a.      A producing party shall disclose what search terms, if any, were used to

10  locate ESI likely to contain discoverable information. If search terms were not used, a party

11  shall disclose the search methodology used to locate ESI likely to contain discoverable

12  information.

13           b.      If search terms were used to locate ESI likely to contain discoverable

14  information, a requesting party is entitled to no more than 5 additional terms or queries to be

15  used in connection with further electronic searches absent a showing of good cause or

16  agreement of the parties. The parties shall confer in good faith on the 5 additional terms or

17  queries. Focused terms and queries, rather than overbroad ones (e.g., product and company

18  names), shall be employed.

19           c.      For the purposes of this Protocol, and absent a showing of good cause,

20  search terms returning more than 250 megabytes of data are presumed to be overbroad. The

21  producing party shall search non-custodial data sources, emails and other ESI maintained by

22  the custodians identified above.

23

24

3.    Format.  The parties shall confer and agree on the format in which they produce ESI and non-ESI.  It is presumed that ESI shall be produced to the requesting party with searchable text, in a format to be decided between the parties (e.g., TIFF with a companion text file).

4.    Native files.  Unless otherwise agreed to be the parties, the only files that should be produced in native format are files not easily converted to image format, such as spreadsheets (e.g., Excel files), databases (e.g., Access files) and drawings (e.g., CAD files).  If ESI is produced in PDF format or other image format, the ESI in native format shall be preserved and produced within 10 days if requested by the other party.

5.    Metadata fields.  The parties shall confer and agree on whether metadata is to be produced and if so, what metadata will be produced, or whether metadata shall be excluded from discovery.

6.    Costs.  Generally, the costs of discovery shall be borne by each party.  The Court will, however, apportion the costs of discovery among the parties, including discovery of ESI that is not reasonably accessible, upon a showing of unequal burdens, unreasonable requests, or other good cause.

## II.    ADDITIONAL PROVISIONS FOR ESI DISCOVERY

### A.    Identification of Not Reasonably Accessible ESI.

To the extent that a party excludes from production ESI from any source on the basis that the source is not reasonably accessible due to undue cost or burden, the party shall identify the specific source at issue and provide information regarding the ESI believed to be contained on the source as well as an explanation of the burdens involved in producing the ESI.

STIPULATED MOTION AND PROPOSED          6
ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
Case No.: 2:17-CV-00153-JLR-RBL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

**B.     Text Capture/OCR:**

For each ESI file produced, the parties agree to include an associated OCR text file or layer, or associated metadata file indexing all text for the corresponding file, subject to the normal capabilities of each party's document management and production software.

**C.     Format:**

1.     ESI should be produced in multi-page PDF format (one .pdf file per document) along with a load file containing extracted text and the metadata fields identified below. The first line of the load file should include the file names of the metadata fields.

2.     ESI shall be produced in a manner that does not break up document families (such as email and attachments), but the original ESI shall be preserved.  When a text searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.

3.     Each image in a document file shall be identified by a unique Bates number endorsed on the face of the image.

**D.     Metadata:**

1.     <u>Metadata fields for all document types</u>. The parties will work in good faith to produce the following metadata fields as part of a load file, to the extent such metadata exists, and can be automatically extracted and loaded into the producing party's ESI management software in the ordinary course and operations of such software.  The following requested metadata fields are directly from the metadata tag standards set by the Electronic Discovery Reference Model:

STIPULATED MOTION AND PROPOSED            7
ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
Case No.: 2:17-CV-00153-JLR-RBL

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

All file types:

| Field | Data Type | Description |
|---|---|---|
| StartPage | Text | Starting Bates number for the document. |
| EndPage | Text | Ending Bates number for the document. |
| FileExtension | Text | The extension of the original file. |
| Title | Text | The title of the original file. |
| Author | Text | The author or creator of the original file. |
| FilePath | Text | The original file path or truncated version thereof that the file was found in the ordinary course of business. |
| Date | Date | The date of the original document. |
| Confidentiality | Text | A field indicating the confidential designation of the produced document under the SPO. |
| Redacted | Text | A field indicating if the produced document contains a redaction. |

2. <u>Metadata fields for electronic correspondence (email)</u>: In addition to the data fields set forth above, the parties will work in good faith to produce the following additional metadata fields as part of the load file, to the extent such metadata exists, and can be automatically extracted and loaded into the producing party's ESI management software in the ordinary course and operations of such software:

Email messages:

| Field | Data Type | Description |
|---|---|---|
| From | Text | The sender of the message. |
| To | Text | The recipient(s) of the message. |
| CC | Text | The cc'ed recipient(s) of the message. |
| BCC | Text | The bcc'ed recipient(s) of the message. |
| Subject | Text | The subject of the message |
| DateSent | Date | Date the message was sent. |
| TimeSent | Time | Time the message was sent. |
| DateReceived | Date | Date the message was received. |
| TimeReceived | Time | Time the message was received. |
| AttachmentCount | Integer | The number of attachments to the email. |

STIPULATED MOTION AND PROPOSED
ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
Case No.: 2:17-CV-00153-JLR-RBL

8

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

| Field | Data Type | Description |
|---|---|---|
| AttachmentName | Text | Concatenated list of attachment names separated by semicolons. |
| AttachmentBegins | Text | The beginning page for each attachment to the email. |
| AttachmentEnds | Text | The ending page for each attachment to the email. |
| FileName | Text | The name of the original file. |

Respectfully submitted this 26th day of May, 2017.

**FOSTER PEPPER PLLC**

_____/s/ Lauren King_____
Lauren King, WSBA No. 40939
1111 Third Avenue, Suite 3000
Seattle, WA 98101
Telephone:   (206) 447-4400
Fax:   (206) 447-9700
Email: lauren.king@foster.com

**COATS & BENNETT, PLLC**

_____/s/ David E. Bennett_____
David E. Bennett, NC State Bar No. 12,864
(Admitted *Pro Hac Vice*)

_____/s/ Anthony J. Biller_____
Anthony J. Biller, NC State Bar No. 24,117
(Admitted *Pro Hac Vice*)
1400 Crescent Green, Suite 300
Cary, NC  27518
Telephone:   (919) 854-1844
Fax:   (919) 854-2084
Email: dbennett@coatsandbennett.com
     abiller@coatsandbennett.com

**NEWMAN DU WORS LLP**

_____/s/ Derek A. Newman_____

_____/s/ Keith Scully_____
Derek A. Newman, WSBA No. 26967
Keith Scully, WSBA No. 28677
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone:   (206) 274-2801
Fax:   (206) 274-2801
Email: dn@newmanlaw.com
     keith@newmanlaw.com

*Attorneys for Defendants*

STIPULATED MOTION AND PROPOSED
ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
Case No.: 2:17-CV-00153-JLR-RBL

9

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400  FAX (206) 447-9700

1

**ORDER**

2   IT IS SO ORDERED.

3   Dated this ___31ˢᵗ___ day of ____May____, 2017.

4

5

6   HONORABLE JAMES L. ROBART

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

STIPULATED MOTION AND PROPOSED        10        FOSTER PEPPER PLLC
ORDER RE: DISCOVERY OF                                1111 THIRD AVENUE, SUITE 3000
ELECTRONICALLY STORED INFORMATION             SEATTLE, WASHINGTON 98101-3299
Case No.: 2:17-CV-00153-JLR-RBL                  PHONE (206) 447-4400  FAX (206) 447-9700

1

## CERTIFICATE OF SERVICE

2

3

I hereby certify that on May 26, 2017, I electronically filed the foregoing document

4

with the Clerk of the Court using the CM/ECF system, which will notify all parties in this

5

matter who are registered with the Court's CM/ECF filing system of such filing.

6

DATED this 26th day of May, 2017.

7

FOSTER PEPPER PLLC

8

By /s/Lauren J. King

9

Lauren J. King, WSBA #40939
Foster Pepper PLLC
1111 Third Ave., Suite 3000
Seattle, WA 98101
Telephone: (206) 447-6286
Facsimile: (206) 749-1925
Email: kingl@foster.com
*Counsel for Plaintiff Northwest Home Designing Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

STIPULATED MOTION AND PROPOSED
ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
Case No.: 2:17-CV-00153-JLR-RBL

11

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3299
PHONE (206) 447-4400 FAX (206) 447-9700